IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AML IP, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>STRIPE, INC.,<br><br>    Defendant. | Case No.    6:22-cv-01257-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT STRIPE, INC.'S OPPOSED MOTION TO DISMISS
FOR IMPROPER VENUE UNDER RULE 12(b)(3) OR, IN THE ALTERNATIVE,
<u>TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND .................................................................................................................. 1

III. LEGAL STANDARD ........................................................................................................... 3

IV.  THE WESTERN DISTRICT OF TEXAS IS AN IMPROPER VENUE FOR THIS CASE. .................................................................................................................................... 3

   A.   Stripe Is Incorporated In Delaware And Thus Does Not Reside In This District... 3

   B.   Stripe Has No Physical Presence In This District And Thus Does Not Maintain A Regular And Established Place Of Business In This District. ............................................ 4

      i.   Stripe's Employees' Homes Do Not Meet Any Of The *Cray* Factors For A Regular And Established Place of Business Of Stripe. ........................................................................................................ 4

      ii.  AML's Remaining Allegations Do Not Support Venue In This District. ................................................................................................... 6

   C.   If The Court Does Not Dismiss, It Should Transfer To The Northern District of California. .................................................................................................................. 8

V.   CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*, Civ. Action No. W-21-CV-00122-ADA, 2021 WL 6205789 (W.D. Tex. Dec. 29, 2021) .......... 8

*GreatGigz Sols., LLC v. Maplebear Inc.*, Civ. Action No. W-20-CV-00737-ADA, 2021 WL 4691145 (W.D. Tex. Oct. 6, 2021) .......... 5, 6, 7, 8

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, Civ. Action No. W-21-CV-00172-ADA, 2022 WL 432558 (W.D. Tex. Feb. 11, 2022) .......... 4, 5, 6, 7, 8

*In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985) .......... 6

*In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017) .......... 3, 4, 5, 6

*In re ZTE (USA) Inc.*, 890 F.3d. 1008 (Fed. Cir. 2018) .......... 3

*IngenioShare, LLC v. Epic Games, Inc.*, Civ. Action No. W-21-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022) .......... 5, 6, 7, 8

*StratosAudio, Inc. v. Hyundai Motor Am.*, Civ. Action No. 6:20-CV-01125-ADA, 2022 WL 770119 (W.D. Tex. Mar. 10, 2022) .......... 3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017). .......... 3, 4

**Statutes**

28 U.S.C. § 1400(b) .......... 1, 3, 8

28 U.S.C. § 1406(a) .......... 8

## I. INTRODUCTION

In this patent-infringement action, AML IP has attempted to sue Stripe—a Delaware corporation with a California headquarters and no offices, stores, or other places of business in Texas—in the Western District of Texas. Under 28 U.S.C. § 1400(b), this Court is not a proper venue for AML's claims, and this Court should therefore dismiss or transfer them.

Under § 1400(b), venue is proper in patent cases only when a defendant (1) is incorporated in or (2) has a regular and established place of business in the district where the case was filed. Stripe does not satisfy either of these. Stripe is not incorporated in Texas. And it has not owned or leased any property in Texas for over two years and thus has no regular and established place of business here. AML's only effort to connect Stripe to this venue is to identify two Stripe employees who work remotely from their homes in the Austin area. But under the venue statute, a place of business must be "of the defendant"—not merely a place of a defendant's employee. Stripe does not own, lease, or otherwise possess any portion of these remote employees' homes, it does not require them to live in Texas, and it does not use their homes to store, distribute, or sell any goods. In these circumstances, courts have repeatedly rejected arguments that the presence of remote employees in a district renders venue proper against their employer. Venue is not proper against Stripe in this District.

## II. BACKGROUND

Stripe provides software and interfaces that allow businesses from small startups to Fortune 500 companies to accept and make payments online. Stripe's products also help its customers detect fraud, issue credit cards, speed their clients' checkout processes, handle invoicing, and manage their own spending.[1] Stripe is a Delaware corporation, with its headquarters and principal

---

[1] https://www.Stripe.com.

1

place of business in South San Francisco, California. (Ex. A, Van Stavern Decl. ¶ 6.) Stripe is not incorporated in Texas, and has no physical presence in Texas. Specifically, Stripe does not own or lease any offices, stores, or other facilities in Texas, including in this District. (*Id.* ¶ 7.)

AML is a limited liability company that registered with the Texas Secretary of State in November 2020 and acquired the patent at issue here—U.S. Patent 6,876,979 ("the '979 Patent")—the same month. (Ex. D, Franchise Tax Account Status for AML; Ex. E, Patent Assignment Record for the '979 Patent.) AML's registration records list its mailing and office street address as 5900 Balcones Drive, Suite 100, in Austin. (Ex. D at 1.) The same records indicate that this suite is occupied by a company called "Texan Registered Agent LLC," which appears to accept service of process for many different businesses in Texas.[2] AML's complaint does not allege that it actually owns or occupies any physical office or other business space in Texas.

This case is one of 45 separate actions that AML has filed over the past two years alleging that various companies infringe the '979 Patent. Plaintiff filed its complaint here on December 5, 2022. (Dkt. 1.) The Complaint does not allege that Stripe owns or leases any offices or other physical property in this District. The only facts it alleges tying Stripe to this District are the presence of two employees who live in Austin, Texas. (*Id.* ¶ 2; Dkt.1-2.) These employees are fully remote—they work from their private homes and are not expected to, and do not, go to any Stripe facility in Texas for work. (Ex. B, Kuen Declaration at ¶¶ 2, 5; Ex. C, Hartman Decl. at ¶¶ 2, 4.) They are also not required by Stripe to live in Texas. (Ex. B ¶ 6; Ex. C ¶ 5.) Stripe does not own or lease any portions of their homes and does not host meetings or store company property there. (Ex. B ¶¶ 6–8; Ex. C ¶¶ 5–6.)

---

[2] https://www.texasregisteredagent.net/contact/

### III. LEGAL STANDARD

In a patent-infringement action, "the Plaintiff bears the burden of establishing proper venue" under 28 U.S.C. § 1400(b). *In re ZTE (USA) Inc.*, 890 F.3d. 1008, 1013 (Fed. Cir. 2018); *see also StratosAudio, Inc. v. Hyundai Motor Am.*, Civ. Action No. 6:20-CV-01125-ADA, 2022 WL 770119, at *1 (W.D. Tex. Mar. 10, 2022) (same). To do so, a plaintiff must show that the suit has been "brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Under the first prong of this statute, "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017). Under the second prong, there are "three general requirements relevant to the inquiry [of whether a defendant has a regular and established place of business in a district]: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

### IV. THE WESTERN DISTRICT OF TEXAS IS AN IMPROPER VENUE FOR THIS CASE.

Here, AML cannot show that either avenue to establishing venue in this District is proper. Stripe is not incorporated here and has no regular and established place of business here.

#### A. Stripe Is Incorporated In Delaware And Thus Does Not Reside In This District.

AML cannot establish venue under the first prong of the patent-venue statute because Stripe is not incorporated in Texas. As AML admits in its complaint, Stripe is a Delaware corporation. (Dkt. 1 ¶ 2; Ex. A ¶ 6.) Because, for patent-venue purposes, a corporation only resides

3

in the state of its incorporation, this District is not a proper venue under the residency provision of the patent-venue statute. *TC Heartland*, 581 U.S. at 262.

> **B.  Stripe Has No Physical Presence In This District And Thus Does Not Maintain A Regular And Established Place Of Business In This District.**

AML also cannot establish venue under the second prong of the patent-venue statute because Stripe does not maintain a regular and established place of business in this District. As this Court has recognized, "there must be a regular and established place of business at the time of filing." *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, Civ. Action No. W-21-CV-00172-ADA, 2022 WL 432558, at *4 (W.D. Tex. Feb. 11, 2022). Here, Stripe has not owned or leased any real property in Texas since at least January 2021. (Ex. A ¶ 7.) AML's only effort in its complaint to connect Stripe to this District, is to point to two Stripe employees who live in Austin—AJ Kuen and Matt Hartman. (Dkt. 1 ¶ 2, Ex. B.) As an initial matter, Mr. Hartman left Stripe in January 2023. (Ex. C ¶ 2.) Mr. Hartman's statements in his Declaration, however, are true and accurate as of the time of his employment, including at the time of filing of AML's complaint.[3] As explained below, these employees work remotely. Their private homes are **not** a regular and established place of business **of Stripe**, as the venue statue requires. And the conclusory allegations in AML's complaint that Stripe stores property in its employees' homes and maintains a physical presence here in connection with advertising for employees, are false. (Dkt. 1 ¶ 2.)

> **i.  Stripe's Employees' Homes Do Not Meet Any Of The *Cray* Factors For A Regular And Established Place of Business Of Stripe.**

Under *Cray* and the precedent of this District, it is not sufficient for venue purposes to identify a place within the District that belongs to a defendant's employee. Rather, the place must be a place of business "of the defendant"—of **Stripe**. To determine whether an employee's home

---

[3] For readability, the facts below are described in the present tense.

4

meets that standard, courts consider: "(1) whether the defendant owns or leases the place; (2) whether the defendant exercises other attributes of possession or control over the place; (3) whether the defendant conditioned the employee's employment on continued residence in the district; and (4) whether the home was used to store, distribute, or sell the defendant's goods." *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, 2022 WL 432558, at *5; *see In re Cray Inc.*, 871 F.3d at 1363. The homes of Stripe's employees here do not meet any of these factors.

First, although Messrs. Kuen and Hartman live in Austin, Stripe does not "own or lease" any portion of their homes. (*See* Ex. B ¶ 6; Ex. C ¶ 5.) Second, Stripe does not use these employees' homes to host work meetings or "exercise[] other attributes of possession or control over" them. (*See* Ex. B ¶ 8; Ex. C ¶ 7.) Messrs. Kuen and Hartman's homes are exactly that—their own private residences. These "employees' homes are not places of [Stripe]." *GreatGigz Sols., LLC v. Maplebear Inc.*, Civ. Action No. W-20-CV-00737-ADA, 2021 WL 4691145, at *2 (W.D. Tex. Oct. 6, 2021).

Third, Stripe does not require either Mr. Kuen or Mr. Hartman to live in Texas or this District. Each of these employees has confirmed that they were never told by Stripe that they should be located in Texas—nor was this even suggested. (Ex. B ¶ 6; Ex. C ¶ 5.) To the contrary, each of Mr. Kuen and Mr. Hartman are free to live elsewhere. (*Id.*) Because these employees are "free to move and work remotely outside of this District, this factor does not support a finding [of] venue." *IngenioShare, LLC v. Epic Games, Inc.*, Civ. Action No. W-21-CV-00663-ADA, 2022 WL 827808, at *4 (W.D. Tex. Mar. 18, 2022).

Fourth, Messrs. Kuen and Hartman's homes are not used to "store, distribute, or sell [Stripe's] goods." Neither Mr. Kuen nor Mr. Hartman has any equipment, physical files, servers, product samples, or any other Stripe property in their homes beyond basic office equipment (e.g., a computer, monitor, and similar peripherals). (Ex. B ¶ 7; Ex. C ¶ 6.) This case is thus on all fours

with a series of decisions finding that remote employees' homes were not a place of business of their employer where the employer did not use their homes to "store its 'literature, documents and products'" or use them "like distribution centers." *See In re Cray Inc.*, 871 F.3d at 1362 (finding typical remote employees' homes did not constitute a regular and established place of business of the defendant, and contrasting with *In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985) where defendant used employees' homes as distribution centers by storing inventory that the employees then took to its clients); *see also GreatGigz v. Maplebear*, 2021 WL 4691145, at *2 (same). The undersigned has not found any case in this District finding an employee's home to be a place of the defendant on facts remotely similar to those here.

### ii. AML's Remaining Allegations Do Not Support Venue In This District.

Beyond its reference to Stripe's remote employees, the only other reference in AML's complaint to any supposed Stripe presence in this District is an allegation, without any basis, that Stripe "continuously maintains a physical presence in the Western District of Texas, including by advertising for employees. See Exhibit B." (Dkt. 1 ¶ 2.) As an initial matter, Exhibit B—a pair of LinkedIn profiles—does not include any sign of a Stripe advertisement, nor can one be found anywhere else in the Complaint. (Dkt. 1-2.) Further, displaying advertisements to prospective future employees in a place does not require, or even suggest, that Stripe currently has a physical place of business there. This Court has come to this exact conclusion, finding that "marketing for a job position in Texas does not impute venue" because "[i]n the final analysis, the court must identify a physical place, of business, *of the defendant*." *IngenioShare*, 2022 WL 827808, at *4 (emphasis in original) (quoting *In re Cray*, 871 F.3d at 1363–64); *see also GreatGigz v. ZipRecruiter*, 2022 WL423558, at *5 ("the 'mere fact that a defendant has advertised that it has a place of business or set up an office is not sufficient' . . . Rather, the defendant must 'actually engage in business from that location.'" (quoting *In re Cray*, 871 F.3d at 1363)). AML's complaint

6

here does not explain, or even suggest, how any alleged advertisements can establish a physical place of business of Stripe in this District.

Apart from its cursory reference to two Stripe employees living in Austin, the Complaint contains no other allegations that link any of Stripe's activities to any identified location in Texas or this District. In fact, when the Complaint describes Stripe's alleged activities, it repeatedly described them as taking place in California. For example, the Complaint alleges that:

- "Stripe sells and offers to sell products and services throughout **California**"[4] (Dkt. 1 ¶ 3.);

- Stripe "introduces products and services . . . into the stream of commerce knowing that they would be sold in **California**" (*Id.*);

- Stripe "is present within or has minimum contacts with the State of **California**" (*Id.* ¶ 5.);

- Stripe "has purposefully availed itself of the privileges of conducting business in the State of **California**" (*Id.*);

- Stripe "deriv[es] substantial revenue from goods and services provided to individuals in **California**." (*Id.* ¶ 6.)

- Similarly, the Complaint describes having personal jurisdiction over Stripe in California from, for example, "[Stripe's] business contacts and other activities in the State of **California**."[5] (Dkt. 1 ¶ 5.)

AML's venue allegations thus come down to a claim that the private residences of Stripe's remote employees suffice to lay venue in this district. But "[t]ime and time again, this Court has rejected remote employees as a basis for establishing venue" under similar facts to this case. *IngenioShare,* 2022 WL 827808, at *2; *see, e.g., GreatGigz v. ZipRecruiter,* 2022 WL 432558, at *6; *GreatGigz*

---

[4] Many of these references state that the activities in question occurred "within the State of California and this judicial district." (*E.g.*, Dkt. 1 ¶¶ 5–6.) The generic reference to "this judicial district" does not specify a district, and the use of this language in connection with the repeated references to California suggests that it is directed to a district within California.

[5] The use of "*pro hac vice*" in Plaintiff's Texas attorneys' signature block suggests this Complaint was intended to be filed outside of Texas.

*v. Maplebear,* 2021 WL 4691145, at *3*; IngenioShare*, 2022 WL 827808, at *4*; Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*, Civ. Action No. W-21-CV-00122-ADA, 2021 WL 6205789, at *3 (W.D. Tex. Dec. 29, 2021).

Because Stripe does not have a regular and established place of business in the Western District of Texas, venue is improper here under 28 U.S.C. § 1400(b). Because venue is improper, the Court should dismiss Plaintiff's complaint. *See e.g., GreatGigz v. ZipRecruiter,* 2022 WL 432558, at *6*; GreatGigz v. Maplebear,* 2021 WL 4691145, at *4*; IngenioShare*, 2022 WL 827808, at *4*; Gesture Tech.*, 2021 WL 6205789, at *3.

### C. If The Court Does Not Dismiss, It Should Transfer To The Northern District of California.

Under 28 U.S.C. § 1406(a), if this Court does not dismiss this case for improper venue, it "shall . . . transfer [the] case to any district or division in which it could have been brought." If the Court opts to transfer this matter rather than dismissing it, it should do so to the Northern District of California. As the Van Stavern Declaration confirms, Stripe maintains its worldwide headquarters and principal place of business in South San Francisco, California, within the Northern District of California. (Ex. A ¶ 6.) Because Stripe has a regular and established place of business in N.D. Cal., it is a proper venue to bring the claims in this action. Further, AML's own complaint acknowledges that "Plaintiff's cause of action arises directly from [Stripe's] business contacts and other activities in the State of California." (Dkt. 1 ¶ 5.) AML's complaint also concedes that the allegedly infringing products and services were sold and used within California. (*Id.* ¶ 3.) Given this, the Northern District of California is a logical, convenient, and appropriate destination if the Court determines the case should not be dismissed outright.

## V. CONCLUSION

Stripe does not have a "regular and established place of business" in this District: it does not own or lease any physical property in Texas, and the homes of the remote Stripe employees are not places of business of Stripe. Venue is not proper here, and therefore, Stripe respectfully requests that the Court dismiss AML's complaint, or alternatively, transfer this case to the Northern District of California where Stripe is headquartered.

Date: February 2, 2023

Respectfully submitted,

By: */s/ Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)
Jennifer M. Hartjes (*pro hac vice*)
Shaun Zhang (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
jhartjes@goldmanismail.com
szhang@goldmanismail.com

Steven J. Wingard
State Bar No. 00788694
Stephen L. Burbank
State Bar No. 24109672
SCOTT DOUGLASS & MCCONNICO
Colorado Tower
303 Colorado St., Ste. 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
swingard@scottdoug.com
sburbank@scottdoug.com

*Counsel for Defendant Stripe, Inc.*

## **PROOF OF SERVICE**

I hereby certify that, on February 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

William P. Ramey
Texas Bar No. 24027643
Jeffrey E. Kubiak
Texas Bar No. 24028470
Ramey LLP
5020 Montrose Blvd., Suite 800
Houstin, Texas 77006
Tel.: (713) 426-3923
Fax: (832) 900-4941
wramey@rameyfirm.com
jkubiak@rameyfirm.com

       /s/ *Michael T. Pieja*
      Michael T. Pieja (*pro hac vice*)